# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiffs, | ) )  CV 12-572 TUC DCB(BPV) |
| v. | ) ) **O R D E R** |
| Alejandro Seaman (aka Alejandro Seaman Morales), | ) ) ) |
| Defendant, | ) ) |

This matter was referred to Magistrate Judge Bernardo P. Velasco, on October 5, 2012. Pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a), he issued a Report and Recommendation (R&R) on July 9, 2013. (Doc. 12: R&R.)  He recommends granting summary judgment for the Plaintiff to revoke and set aside Defendant's Certificate of Naturalization because he unlawfully procured his citizenship.  The Court agrees with the recommendation.

## STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1).  When the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

1    The parties were sent copies of the R&R and instructed they had 14 days to file written
2    objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting
3    to the recommended disposition has fourteen (14) days to file specific, written objections).  To
4    date, no objection to the R&R has been filed.

5    When there are no objections and review has, therefore, been waived, the Court
6    nevertheless reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law.
7    *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449,
8    455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v.*
9    *Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily
10   waive question of law, but is a factor in considering the propriety of finding waiver)).

11                              REPORT AND RECOMMENDATION
12   The Government filed the Complaint to Revoke Citizenship on July 27, 2012.  The
13   Government personally served the Complaint and Summons on the Defendant.  When
14   Defendant failed to appear and answer the Complaint, the Government sought summary
15   judgment instead of default.  As the Magistrate Judge explains, the Supreme Court "'has long
16   recognized the plain fact that to deprive a person of his American citizenship is an
17   extraordinarily severe penalty.'" (R&R (Doc. 12) (quoting *Klapprott v. United States,* 335 U.S.
18   601, 612 (1949)).  Congress did not authorize courts to automatically deprive people of their
19   citizenship for failure to appear.  *Id.* at 610.  The Government must first offer proof of its
20   charges sufficient to satisfy the burden imposed on it, even where the defendant has defaulted.
21   *Id* at 612-13.

22   The Magistrate Judge recommends the Court revoke Defendant's citizenship because
23   the evidence reflects the Defendant unlawfully procured his naturalization because he
24   committed an unlawful act, a drug trafficking offense, which precluded him from establishing
25   he was a person of good moral character and he concealed this material fact.  The Court agrees
26   with the Magistrate Judge's findings of fact and legal conclusions.  In summary, Defendant
27   committed a serious drug trafficking offense after his application for naturalization, but before
28   he was naturalized.  After his naturalization, he was convicted of solicitation to posses

marijuana for sale.  (R&R (Doc. 12) at 2-4.)  Federal courts have found drug trafficking offenses to be crimes of moral turpitude.  *Id.* at 7 (citing *Padilla v. Kentucky*, 130 S. Ct. 1473, 1479 (2010)); *see also Barragan-Lopez v. Mukasey*, 508 F.3d 899, 905 (9th Cir. 2007) (conviction for solicitation to possess at least four pounds of marijuana is crime of moral turpitude for removal).  The conviction establishes by clear, unequivocal and convincing evidence that the Defendant committed an unlawful act that adversely reflected upon his moral character during the five years before becoming naturalized.  (R&R (Doc. 12) at 7.) He would, therefore, have been statutorily barred, pursuant to 8 U.S.C. § 1101(f)(8), from acquiring citizenship. *Id.*  On the date he was naturalized, he completed an immigration form, Form N-445, attesting that since the date he was first interviewed for naturalization, he had not been arrested, cited, charged, indicted, convicted, fined, or imprisoned for breaking or violating any law or ordinance, including traffic violations.  *Id.* at 3.  This was a lie.  The Magistrate Judge found it was material because "'Defendant's arrest would have precluded him from establishing the requisite good moral character for naturalization.'"  *Id.* at 9 (citing Complaint, Rockelmann Decl. ¶ III.B.)  The Magistrate Judge found the Defendant willfully concealed this fact because the misrepresentation was deliberately and voluntarily made on the Form N-445.  *Id.* at 8 (citing *United States v. Arango*, 670 F.3d 988, 994-95 (9th Cir. 2012); *Espinoza-Espinoza v. INS*, 554 F.2d 921, 925 (9th Cir. 1977).

The Court does not repeat, here, the entire discussion provided by Magistrate Judge Velasco in the R&R.  The Court agrees that the Government has demonstrated by clear, unequivocal and convincing evidence that the Defendant illegally procured his citizenship and his naturalization through the willful misrepresentation and concealment of a material fact.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.")  To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see*

1    *also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist.*

2    *Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only

3    satisfy itself that there is no clear error on the face of the record in order to accept the

4    recommendation).

5                                    CONCLUSION

6           There being no objection to the R&R, the Court reviews, *de novo*, the Magistrate Judge's

7    conclusions of law.  Because this case involves a most extraordinary penalty, the deprivation

8    of citizenship, the Court has also reviewed the evidentiary record in respect to the findings of

9    fact made by the Magistrate Judge. The Court finds the R&R to be thorough and well-reasoned,

10   without any clear error in law or fact.  The Court accepts and adopts the R&R as the opinion of

11   the Court.  For the reasons stated in the R&R, the Court grants the Plaintiff's Motion for

12   Summary Judgment.

13          **Accordingly,**

14          **IT IS ORDERED** that the Report and Recommendation (Doc. # 12) is adopted as the

15   opinion of the Court.

16          **IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 11) is

17   GRANTED.

18          **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment for the

19   Government revoking and setting aside the District Court's order admitting Defendant to United

20   States citizenship.

21          **IT IS FURTHER ORDERED** that Defendant's Certificate of Naturalization, Number

22   31674355 dated October 23, 2008, IS CANCELLED; Defendant shall surrender and deliver his

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

1    Certificate and all other indicia of United States citizenship to the Attorney General or his

2    designated representative.

3            DATED this 6th day of August, 2013.

4

5

6                                                    David C. Bury
                                              United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28